**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2093-22

SANTIAGO H. DAVILA,

    Plaintiff-Appellant,

v.

SUSAN OOI, a/k/a
SOO PENG OOI, and
19 MILLARD PLACE, LLC,
a/k/a 19 MILLARD, LLC,

    Defendants-Respondents.

_____

Submitted January 28, 2025 – Decided February 20, 2025

Before Judges Gilson, Firko, and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4822-19.

Santiago H. Davila, appellant pro se (Tomas Espinosa, on the brief).

Middlebrooks Shapiro, PC, attorney for respondents (Joseph M. Shapiro, on the brief).

PER CURIAM

Plaintiff Santiago H. Davila appeals from a February 3, 2023 Law Division order granting summary judgment to defendants Susan Ooi (Ooi) and 19 Millard Place, LLC (19 Millard Place) (collectively defendants) dismissing his claims with prejudice; a November 23, 2020 order granting defendants a protective order to strike certain discovery demands; and a January 22, 2021 order denying reconsideration of the protective order. We affirm.

I.

Our review of an order granting summary judgment requires our consideration of "the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014). Here, we discern the following facts from our review of the parties' Rule 4:46-2 statements and the record of the proceedings before the motion court, viewed in the light most favorable to plaintiff. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).

Factual Background

In February 2002, plaintiff formed Santiago Davila, LLC (SDL). Plaintiff was the managing member and agent of SDL and controlled its legal and

2

financial affairs. SDL is a legal entity that exists separately and apart from plaintiff. Defendants never had any control over SDL's operations or finances.

On June 30, 2005, SDL purchased two properties in Paterson: 129-139 North 10th Street and 74-82 North 11th Street (the properties) through a joint venture agreement with Kley F. Peralta, Sr. The properties were purchased for $700,000. Plaintiff contributed $247,000 towards the purchase price and Peralta, Sr. contributed $83,000. SDL secured a mortgage from TD Bank N.A. (TD Bank) in the amount of $490,000. The sellers were Robert B. Smith and Patricia K. Smith.

Pursuant to an operating agreement, Peralta, Sr. was permitted to participate in SDL's affairs, earn profits, and receive proceeds of any sale of the properties. SDL planned to rent and/or sell the properties for a profit. The properties were titled in SDL's name, and plaintiff never held title individually to the properties. Plaintiff and Peralta, Sr., who owns a real estate agency, had prior dealings. Plaintiff alleged Peralta, Sr. was going to use his realty company to sell the properties and collect his commission. Plaintiff claimed Peralta, Sr. was his financial advisor on other properties and his consultation fee for the properties was $12,500.

3

After obtaining the mortgage, plaintiff learned the properties were environmentally contaminated and would require extensive remediation before they could be used for any commercial purpose. SDL lacked the funds necessary to remediate the properties, failed to remediate the contamination, and failed to pay the mortgage and carrying expenses. Peralta, Sr. created "Kley Peralta Development" to renovate the properties, which was not financially feasible due to the extent of the contamination. Because of the contamination and the outstanding mortgage, the properties had no equity. SDL was unable to obtain a loan to remediate the contamination and had no collateral to secure funding.

Plaintiff claimed he invested in 133 North 10th Street to "clear the contamination" on the property. Ooi was the project manager for this property and filed an application with the City of Paterson to develop the property. According to plaintiff, Ooi appeared at City of Paterson meetings to address approval requirements along with him, Peralta, Sr., and counsel. On December 6, 2006, plaintiff's application for a subdivision to construct two family homes was approved. However, SDL defaulted on the mortgage, and the development did not proceed. Plaintiff alleged Peralta, Sr. told him "not to worry" because he would obtain an investor to salvage the properties and plaintiff's Jersey City

4

residence from the bank. Later, Peralta, Sr. "refused" to come to plaintiff's aid and convinced him to file for bankruptcy.

On April 27, 2009, TD Bank filed a foreclosure action against SDL. As the registered agent for SDL, plaintiff received notices of the foreclosure action proceedings at his Jersey City residence but did not contest the foreclosure action. Ultimately, TD Bank obtained a default judgment against SDL.

Meanwhile, on October 23, 2009, plaintiff, who was represented by counsel recommended by Peralta, Sr., filed a Chapter 7 bankruptcy petition. Plaintiff represented to the bankruptcy court under penalty of perjury that he was the "100% sole owner of [SDL]" and SDL had "zero value" because the properties had "zero value." Plaintiff's bankruptcy petition did not disclose any contracts or agreements with any individuals regarding the properties. Peralta, Sr. provided plaintiff's bankruptcy attorney with a list of creditors but Peralta, Sr. excluded himself from any potential claims against him by plaintiff.

The Chapter 7 trustee in bankruptcy determined that none of plaintiff's assets had any value, including his interest in SDL and his Jersey City residence, where plaintiff resides with his wife. Plaintiff was granted a discharge, and the 2009 bankruptcy case was concluded. On July 23, 2010, a final judgment in

foreclosure was entered in favor of TD Bank in the amount of $527,379.79, plus fees and costs.

On April 23, 2019, plaintiff filed a Chapter 13 petition in bankruptcy. Like his prior petition, plaintiff represented he had no claim of any kind against defendants and no ownership in the properties. Plaintiff did not disclose any executory, legal, or equitable interest in the properties or any agreements related to the properties. In his 2019 bankruptcy petition, plaintiff claimed that his 50% interest in the Jersey City property had negative equity since 2009.

Plaintiff alleged Peralta, Sr. surreptitiously worked with Ooi to create 19 Millard Place. Plaintiff claims Ooi was a "straw agent" of Peralta, Sr., and she is the manager of Condor Enterprises, Inc, "one of the many companies created by [Peralta, Sr.] for his deals." Plaintiff was a former vice president of Condor Enterprises, Inc.

The properties were sold at a sheriff's sale to 19 Millard Place as the highest bidder. Neither SDL nor plaintiff bid on the properties or took any legal action to adjourn or contest the sheriff's sale. 19 Millard Place now solely holds title to the properties. Plaintiff alleges Peralta, Sr. and Ooi "conspired" to effectuate the sheriff's sale, and by virtue of his joint venture agreement with Peralta, Sr., the properties were purchased to "conserve" their ownership for

A-2093-22

plaintiff. Peralta, Sr. filed a petition in bankruptcy. In 2019, plaintiff filed an amended adversarial action in the Bankruptcy Court against Peralta, Sr., Ooi, and 19 Millard Place,[1] which plaintiff alleges was dismissed "sua sponte" by the bankruptcy judge against Ooi and 19 Millard Place, the non-debtor defendants, for lack of subject matter jurisdiction. However, the bankruptcy judge did not dismiss plaintiff's amended adversarial action against the debtor, Peralta, Sr. The record does not contain any information as to the status of the amended adversarial action against Peralta, Sr.

The Law Division Action

Thereafter, on December 12, 2019, plaintiff, in his individual capacity, filed an eight count complaint in the Law Division against defendants alleging: (1) violation of fiduciary duties; (2) violations of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20; (3) fraud; (4) conspiracy to commit fraud; (5) reverse piercing of the corporate veil; (6) conversion; (7) breach of contract; and (8) various allegations against fictitious persons and entities not readily identifiable. Plaintiff alleged that Ooi was impermissibly used by Peralta, Sr. as a "straw purchaser" for the acquisition of the properties at the sheriff's sale.

---

[1] In re Peralta, No. 16-21251, 2019 WL 6048531 (Bankr. D.N.J. 2019).

7

Plaintiff also alleged that he intended to "defraud" TD Bank through an unwritten "straw man" agreement with Peralta, Sr. to buy the properties after the sheriff's sale for an unknown amount of money, without necessary funds, at some unspecified future date, through an unknown entity. Plaintiff sought compensatory and punitive damages and remedies under the CFA. Plaintiff also disclosed he was surrendering all his real property interests to the involved mortgage companies, including his residence in Jersey City[2] and two investment properties in Newark, because they had no monetary value or equity.

In June 2020, defendants moved to dismiss the complaint. The prior motion court granted the motion in part and dismissed only the breach of contract claim (count seven). Plaintiff then served discovery demands upon defendants. Thereafter, defendants moved for a protective order and to modify plaintiff's "overly broad and unduly burdensome discovery demands," which was granted. Plaintiff's motion seeking reconsideration of the protective order was denied.

Following discovery, on January 6, 2023, defendants moved for summary judgment seeking to dismiss the remaining counts of the complaint. Defendants

---

[2] Plaintiff has resided at the Jersey City property since June 12, 2002. Since that time, plaintiff held a 50% title ownership to the property.

argued they never held any interest in SDL, or had any control over the operations and finances of SDL. Defendants claimed they did not sell the properties to SDL and never had any agreements or contracts with SDL or plaintiff individually related to the properties. Additionally, defendants contended that plaintiff had no right to bring claims in his individual name on behalf of SDL, which is a separate legal entity.

Defendants asserted that 19 Millard Place alone holds title to the properties as a result of the sheriff's sale. They argued that plaintiff failed to produce proof of any participation by defendants in any "straw man" agreement related to the properties between plaintiff and other parties and his "straw man" allegations "are not credible." Defendants argued that plaintiff has "no damages" because he did not own the properties, and even if he did, the properties were environmentally contaminated, foreclosed upon, and had zero market value, as stated in plaintiff's 2009 bankruptcy petition.

Defendants claimed the Chapter 7 trustee reported that none of plaintiff's assets had any value, including his membership in SDL, his Jersey City property interest, and his two investment properties in Newark. In reliance upon plaintiff's representation to the Bankruptcy Court, defendants asserted he was discharged of his debts, and the 2009 bankruptcy case was closed and never re-

opened. Defendants argued that plaintiff made similar disclosures in his 2019 bankruptcy matter, and therefore, he is estopped in this action from alleging he had any agreements, contracts, or claims involving defendants.

In opposing defendants' motion for summary judgment, plaintiff countered he was unaware the properties were sold to Ooi, Peralta, Sr.'s partner, and his son, Kley Peralta, III, the owners of 19 Millard Place. Plaintiff argued Ooi had "inside information" about his financial condition, and Peralta, Sr. caused her to acquire the properties behind plaintiff's back, "without his knowledge," in violation of Peralta, Sr.'s fiduciary duty to SDL. Plaintiff contended there were a "multitude of genuine material facts in dispute" preluding summary judgment.

The motion court heard oral arguments and rendered an oral opinion the same day granting defendants' motion for summary judgment. After detailing the legal standards for summary judgment, the motion court first addressed plaintiff's Jersey City property interest and found nothing in the record addressing the existence of a written contract or agreement between plaintiff and defendants regarding Ooi's purported plan to purchase the Jersey City property to save it from a foreclosure action. The motion court emphasized that defendants' proofs that plaintiff sustained no damages regarding the Jersey City

property were not rebutted by plaintiff. Therefore, the motion court concluded plaintiff failed to satisfy the requirements of Rule 4:46-2 "to create a sufficient genuine issue of material fact" as to the Jersey City property.

Regarding the properties, the motion court determined that plaintiff had some sort of oral agreement with Peralta, Sr. in an attempt to avoid a foreclosure. The motion court noted there was a genuine issue of material fact as to when plaintiff learned Peralta, Sr. had breached their oral agreement and his "violative conduct." However, the motion court reasoned defendants' motion for summary judgment should nevertheless be granted on the basis that the "illegality" and "oral agreement . . . to commit a fraud upon the lender bank by letting [the properties] go into foreclosure" and then by "trying to obtain the propert[ies]" could not be enforced in the present litigation, citing Jacobs v. Norris, McLaughlin & Marcus, 128 N.J. 10, 33 (1992).[3] The motion court also held the oral agreement between plaintiff and Peralta, Sr. to purchase the properties was barred by the statute of frauds, N.J.S.A. 25:1-5(f).[4]

---

[3] Relevant here, the Jacobs Court held: "If striking the illegal portion defeats the primary purpose of the contract, we must deem the entire contract unenforceable." 182 N.J. at 33.

[4] N.J.S.A. 25:1-5(f) bars, in the absence of a writing, actions brought upon "[a] contract, promise, undertaking or commitment to loan money or to grant, extend

The motion court highlighted that it was undisputed plaintiff did not disclose his alleged contractual interest in the properties in any of his bankruptcy petitions but is attempting to enforce such interest through the present litigation. The motion court pointed out the bankruptcy petitions had been discharged and thus, even if plaintiff had an enforceable contractual obligation to obtain a loan to purchase real property, he no longer holds any interest because that right now belonged to the bankruptcy trustee and the debtors. For these reasons, the motion court found plaintiff lacked standing to bring this action and dismissed the complaint with prejudice. A memorializing order was entered. This appeal followed.

On appeal, plaintiff argues the motion court erred in granting defendants' motion for summary judgment, his opposition to the summary judgment motion raised meritorious issues, and he sustained damages as a result of defendants' illegal and fraudulent actions.

## II.

We review de novo a trial court's ruling on a motion for summary judgment, applying the same standard used by the trial court. Samolyk v.

___

or renew credit, in an amount greater than $100,000, not primarily for personal, family or household purposes, made by a person engaged in the business of lending or arranging for the lending of money or extending credit."

Berthe, 251 N.J. 73, 78 (2022) (citing Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)).  We must decide whether "there is [a] genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party[.]" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); and then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).  "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).

"The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).  "If there is no genuine issue of material fact, [the court] must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).  On de novo review, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special

deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A.

As a threshold matter, we address the issue of damages. The motion court found nothing in the motion record addressing the existence of any written agreement or document regarding the Jersey City property. Moreover, the motion court properly observed that defendants' argument that no damages were attributable to the Jersey City property was unopposed by plaintiff.

Based upon our de novo review, we agree with the motion court that plaintiff did not satisfy the requirements of Rule 4:46-2 to create a genuine issue of material fact, and therefore, plaintiff's allegations pertaining to the Jersey City property were properly dismissed for lack of damages. Moreover, the record shows the Jersey City property has no equity. Plaintiff continues to hold 50% title ownership of the Jersey City property, has never lost title to this property since he acquired it in 2002, and continues to reside there with his wife. Therefore, we conclude plaintiff has not established any evidence of damages relative to the Jersey City property.

14

B.

Turning to the properties, our de novo review of the record likewise reveals plaintiff has failed to present any material facts to establish damages. During oral argument, the motion court repeatedly questioned plaintiff's counsel to identify any substantial or material facts to prove any damages in opposition to defendants' summary judgment, and none were forthcoming.

A party opposing summary judgment does not create a genuine issue of fact simply by offering a sworn statement. See Carroll v. N.J. Transit, 366 N.J. Super. 380, 388 (App. Div. 2004). "'[C]onclusory and self-serving assertions' in certifications without explanatory or supporting facts will not defeat a meritorious motion for summary judgment." Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009) (quoting Puder v. Buechel, 183 N.J. 428, 440 (2005)). In opposing summary judgment, a party must provide competent evidence that demonstrates a genuine issue for trial. Brill, 142 N.J. at 540.

To establish a prima facie claim for contract damages, a plaintiff must show damages. In Preston v. Claridge Hotel & Casino, Ltd., 231 N.J. Super. 81, 88 (App. Div. 1989), we stated that:

> The recovery of damages in breach of contract actions
> is limited by the general principles that:

15

(1) the damages are those arising naturally according to the usual course of things from the breach of the contract, or such as may fairly and reasonably be supposed to have been in the contemplation of the parties to the contract at the time it was made, as a probable result of the breach; and

(2) there must be reasonably certain and definite consequences of the breach as distinguished from the mere quantitative uncertainty.

[Vosough v. Kierce, 437 N.J. Super. 218, 243 (App. Div. 2014) (citing Tessmar v. Grosner, 23 N.J. 193, 203 (1957)).]

In applying these well-established principles, we conclude the motion court correctly determined that plaintiff failed to establish prima facie evidence of damages as to the properties against defendants. The issue here is what damages arose out of defendants' alleged breach of an oral contract or agreement with plaintiff. Plaintiff's argument focuses entirely on his certifications and other submissions in opposition to defendants' summary judgment motion to prove damages. However, plaintiff omits that—from this matter's inception until now—that he cannot establish damages against these defendants as to the properties. Moreover, the record is devoid of any evidence that any sort of contract or agreement was entered between plaintiff and defendants.

Having reviewed the record, we are satisfied plaintiff failed to allege facts supporting a damages claim that could have survived summary judgment.

16

Similarly deficient, plaintiff's certification in opposition to summary judgment and in response to defendants' statement of undisputed material facts conflates the "accrual of [his] losses" by stating the properties had "$0.00" value in his Chapter 7 bankruptcy petition and were abandoned by the trustee but plaintiff's "damages are extensive." Even broadly considering this statement in the light most favorable to plaintiff, he has failed to establish any claim for damages under any of the counts in his complaint. In light of our decision, we need not address any of plaintiff's other issues raised on appeal.

To the extent we have not expressly addressed any additional issues raised by plaintiff, it is because they lack merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2093-22